IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTMARK INSURANCE COMPANY, | ) | |
| | ) | |
| *Plaintiff-Petitioner*, | ) | |
| v. | ) | No. 09-C-1673 |
| | ) | |
| CLARENDON NATIONAL INSURANCE | ) | Honorable David H. Coar |
| COMPANY and CLARENDON AMERICA | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| *Defendant-Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

The underlying dispute between Plaintiff, Trustmark Insurance Company, and Defendant, Clarendon National Insurance Company and Clarendon America Insurance Company (collectively "Clarendon"), arose out of a claim against Clarendon for more than $39 million under a 2007 billing. An arbitration panel heard the case and issued its Second Corrected Final Award on March 20, 2009. Before the Court are Plaintiff's Petition to Confirm the Second Corrected Final Award and Defendant's Cross-Petition to Confirm the Award. For the reasons set forth below, Plaintiff's' Motion to Confirm is GRANTED and Defendant's' Cross-Petition to Confirm is DENIED.

## BACKGROUND

Clarendon reinsures Trustmark under three Excess of Loss Reinsurance Agreements, or "treaties." After a dispute arose between Trustmark and Clarendon, a three-member arbitration

1

panel (the "Panel") was convened pursuant to arbitration provisions in the treaties. At issue was more than $39 million that Trustmark alleged were due from Clarendon from a June 1, 2007 billing.

The Panel held nine days of hearings on this matter in Chicago, Illinois during the periods of July 14, 2008 to July 17, 2008 and July 21, 2008 to July 25, 2008. After considering the parties' submissions and the oral arguments presented by counsel, the Panel issued its initial award on October 15, 2008. It found that Trustmark's billing did not comply with the treaties, and called for a revised billing consistent with the Panel's rulings. On November 7, 2008, Trustmark submitted a revised billing, but the parties were still unable to come to an agreement on the reduced amount. The Panel heard and considered additional arguments and briefs from the parties on March 9, 2009 in New York, New York. During this time, Clarendon raised the issue of reducing its payment obligations by amounts of outstanding debt owed to it by Trustmark from unrelated matters. (Dkt. [31] at 6; Dkt. [33] at 2.)

The Panel issued a Final Award on March 17, 2009. The document was subsequently corrected twice for technical errors, resulting in the March 20, 2009 Second Corrected Final Award ("Award") that is the subject of this confirmation proceeding. The Award confirms the Panel's earlier finding that Trustmark's billing was based on erroneous grounds. (Dkt. [23] Ex. A. ¶ 1.) It further finds that Clarendon is entitled to its full 50% share of the Minimum and Deposit premium. Seeing as Trustmark had previously paid Clarendon $3,752,827 in Minimum and Deposit premium, Trustmark is due a premium refund of $2,267,827. In addition, Trustmark is owed $3,323,848 in paid losses and interest in the amount of $1,053,973. Ultimately, the Panel found that Clarendon owes Trustmark a total of $6,645,648. (Dkt. [23] Ex. A. ¶¶ 2-4.) In Paragraph 5, the Panel added, "[a]ny amounts not paid or otherwise satisfied within thirty days

of the date of this order shall accrue interest at the rate of 9% per annum until paid." (Dkt. [23] Ex. A. ¶ 5.)

On April 6, 2009, Clarendon sent a letter to Trustmark, stating that it had satisfied its obligations under the Award by crediting the amount due against "liquidated amounts that Trustmark has agreed are due Clarendon pursuant to the various commutation agreements entered into by out respective companies." (Dkt. [32] Ex. A.) Clarendon alleges that Trustmark owed Clarendon $13,379,052 under unrelated settlement agreements and that offsetting this sum by $6,645,648 "otherwise satisfies" Clarendon's payment obligations pursuant to paragraph 5 of the Award. (Dkt. [17] ¶ 16-18.) Because the credit was applied within thirty days of the Award's issuance, Clarendon further argues that no interest had accrued on the payment. (Dkt. [31] at 6.)

Trustmark denies Clarendon's allegations regarding its multi-million dollar debt under prior settlement agreements. (Dkt. [24] ¶ 17-19.) The company maintains that the full amount due under the Award, plus interest, has yet to be paid. (Dkt. [21] at 5.) Trustmark argues that the Panel considered Clarendon's setoff argument, but implicitly dismissed it when ruling that "[a]ll other requests for relief under the International II Treaties are denied." (Dkt. [23] Ex. A. ¶ 6.)

## ANALYSIS

Trustmark has petitioned this Court to confirm the Award in full[1] and hold that Clarendon owes Trustmark the sum of $6,645,648 with interest on the balance left unpaid after

---

[1] Clarendon accuses Trustmark of pursuing "partial confirmation" of the Award, a charge denied by Trustmark. Because the language of its motions and memoranda do not reflect such an intent, the Court interprets Trustmark's petition as one for confirmation of all provisions of the Award.

3

thirty days, accruing at 9% per annum from March 20, 2009. (Pl. Proposed Order, Dkt. [23] Ex. B.) While Clarendon's cross-petition to confirm essentially makes the same request, it asks for the added finding that Clarendon has satisfied its obligation by offsetting this sum against debts due to Clarendon from prior settlements.[2] (Def. Proposed Order, Dkt. [31] Ex. 1.) Clarendon also argues that interest should only start accruing 30 days after the date of the award. (Dkt. [31] at 6.) Both companies insist that they are not attempting to vacate or amend the Award in any way. It therefore appears to the Court that, at heart, the dispute between Trustmark and Clarendon lies not in the substance of the arbitration award, but in the manner in which Clarendon can satisfy the Award's payment obligations.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 9-11, supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it. *See Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1402 (2008) (quotations omitted). Under the terms of § 9, a court "must" confirm an arbitration award "unless" it is vacated, modified, or corrected "as prescribed" in §§ 10 and 11. *Id.* (quotations omitted). In the absence of grounds to vacate or amend – none being presented in the instant case – the text of the FAA leaves no room for a course of action other than the confirmation of the arbitral award. The Court therefore confirms the Second Corrected Final Award in its entirety.

---

[2] Clarendon's proposed Order to Confirm also relates in greater detail the Panel's reasoning for arriving at its decision. Clarendon argues that this information is "part and parcel of the award and must be incorporated in the final judgment." Yet, the Seventh Circuit states that a Rule 58 judgment should simply state "who is liable" and for "how much," omitting "reasons and legal conclusions" behind a decision. *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1021 (7th Cir. 1995); *see also Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, No. 04 C 2649, 2009 WL 1376409 (N.D. Ill. June 17, 2004) (noting as well that a less revealing judgment better reflects the spirit of the parties' confidentiality agreement). As such, Clarendon's additional information is unnecessary to the judgment.

4

On the issue of interest, the Court interprets paragraph 5 as a grace period offering Clarendon the opportunity to satisfy its debt without interest if accomplished within thirty days. After thirty days, the unpaid balance accrues interest as it would have in the absence of the grace period – that is, from the date of the arbitration decision, as in common practice. *See Lewis v. Haskell Co., Inc.*, 304 F.Supp.2d 1347, 1350 (M.D. Ala. 2004) (citing federal court cases presumptively awarding post-award, pre-judgment interest from the date an arbitral award is entered).

As for Clarendon's request for a finding by the Court that it has satisfied its obligation, the Court reminds the parties that its role is limited by the FAA to ruling on the arbitral award and reviewing challenges to arbitrators' decisions. It is not the Court's responsibility to settle disputes on whether the payments have been satisfied. *See Katz v. Feinberg*, 167 F.Supp.2d 556, 572 (S.D.N.Y. 2001) (declining to address a setoff dispute because "[t]his case was brought as a petition to confirm an arbitration award. As such, this Court's role is limited to reviewing the parties' challenges to the arbitrator's decision."); *Tokura Const. Co., Ltd. v. Corporacion Raymond, S. A.*, 533 F.Supp. 1274 (S.D. Tex. 1982) (party was not entitled to offset arbitration award amount by amounts allegedly owed as "back charges" because, while disputed, the claim it was never ruled on by the arbitrators and thus improperly asserted before the district court).[3]

Clarendon cites a number of cases wherein courts reduced the obligations of parties by setoffs when confirming arbitral awards. (Dkt. [31] at 11-12.) In all such cases, however, the setoff amounts had either been stipulated by the parties before the arbitration panel or court, or

---

[3] Granted, these cases can be distinguished from the instant case in that their setoff disputes were not raised before the underlying arbitration panels, whereas Clarendon did raise the issue of setoffs before the Panel, albeit unsuccessfully. The overarching principle still applies, however. The Court may review challenges to arbitrators' decisions or conduct, but not ancillary disputes, such as disagreements over preferred payment methods.

5

held to be enforceable by the panel during arbitration. *See, e.g.*, *Lummus Global Amazonas, S.A. v. Aguaytia Energy Del Peru, S.R. LDTA*, No. Civ. A.H-01-495, 2002 WL 31416834 (S.D. Tex. July 17, 2002) (applying stipulated offsets to arbitration award); *Delta Mine Holding Co. v. AFC Coal Properties, Inc.*, 280 F.3d 815, 819 (8th Cir. 2002) (refusing to modify or remove an offset mandated by arbitration panel); *Kelley v. Michaels*, 59 F.3d 1050, 1051 (10th Cir. 1995) (same); *RGA Reinsurance Co. v. Ulico Cas. Co.*, 355 F.3d 1136 (8th Cir. 2004) (recognizing that arbitration panel provided for future offsets in the form of credits excluded from its monetary award). In the lone cited instance where offsets were not stipulated or mandated by the arbitrator, the district court had expressly retained jurisdiction over a certain payment obligation when it deferred remaining issues to arbitrators. *See American Life Ins. Co. v. Parra*, 269 F.Supp.2d 519 (D. Del. 2003). The court then offset the final arbitral award by that amount. *Id.*

These circumstances do not apply to the instant case. Far from stipulated, the amount of money owed to Clarendon under prior settlements is energetically disputed by Trustmark. Moreover, while the Panel considered the issue of Trustmark's potentially offsetting debts, it opted not to recognize or enforce any setoffs when rendering its final award. Indeed, the Panel makes no mention of setoffs in the Award at all, which works against Clarendon. *See Automobile Mechanics Local 701, Intern. Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Joe Mitchell Buick, Inc.*, 930 F.2d 576, 578 (7th Cir. 1991) (failure of arbitrator to discuss mitigation in award opinion showed that arbitrator did not intend to reduce award for employees' alleged failure to mitigate, where employer expressly raised mitigation before arbitrator). Clarendon's implied argument that the Panel intended the term "otherwise satisfied" to incorporate setoffs, rather than explicitly addressing the matter, fails in light of the Seventh Circuit's holding in *Automobile Mechanics*.

Even if the Court were to give Clarendon the benefit of the doubt and re-style its Cross-Petition to Confirm as a Cross-Petition to Amend the Award to include setoffs, the Court finds no

6

evidence that the Panel materially miscalculated its figures, awarded on a matter not submitted to them, or erred in a manner not affecting the merits of the controversy. *See* 9 U.S.C. § 11(a)-(c) (FAA's exclusive grounds for modification). At any rate, Clarendon has expressed no desire to file such a motion. Ultimately, the question of whether Clarendon's setoffs have satisfied its obligations under the Award does not bear on challenges to the Panel's conduct or the substance of the Award itself. The issue is therefore not properly before the Court.

As the Seventh Circuit has noted, "judicial review of an arbitration award is extremely limited to prevent judicialization of the arbitration process." *Automobile Mechanics*, 930 F.2d at 578 (citing *Local 879, Allied Industrial Workers v. Chrysler Marine Corp.*, 819 F.2d 786, 788 (1987)) (internal quotations omitted). Determining the validity of the settlement agreements, or the quantity of money for which Trustmark might be liable under them, would require the kind of "full-bore legal and evidentiary appeals that can rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process" discouraged by the Supreme Court. *See Hall Street Associates*, 128 S.Ct. at 1405 (internal quotations and citations omitted). The proper forum for addressing these issues is not before this Court on a petition to confirm an arbitral award, but in a proceeding to enforce the judgment or a separate action (for example, a declaratory judgment action) to determine whether setoff is appropriate and, if so, whether and/or when any setoff occurred. Whether an award has been satisfied is not the proper subject of an FAA confirmation proceeding. The award is confirmed.

## CONCLUSION

For the reasons explained above, Trustmark's petition to confirm the Panel's Second Corrected Final Award is GRANTED. Clarendon's cross-petition to confirm is DENIED.

7

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **November 20, 2009**